NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0105n.06

No. 25-5338

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) | |
| LAVAUGHN V. ODOM, | ) | OPINION |
| Defendant-Appellant. | ) | |

FILED
Mar 05, 2026
KELLY L. STEPHENS, Clerk

---

Before: GRIFFIN, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** In this appeal, we consider whether LaVaughn Odom's 192-month sentence for drug trafficking and other crimes, which was below the applicable U.S. Sentencing Guidelines range, was procedurally or substantively unreasonable. It was not, so we **AFFIRM**.

**I.**

Five years ago, Nashville police officers discovered Odom by searching the phone of a woman who had died of a drug overdose. The search led them to believe that Odom had dealt her heroin. The officers confirmed this suspicion through a confidential informant who later carried out two controlled buys of heroin from Odom. That information led to a warrant to search Odom's car and home. While carrying out the warrant, officers met Odom coming out of his home and attempted to detain him. He fled but was quickly caught, with $6,000 cash on his person. More cash (over $25,000) was in his car, along with cocaine, fentanyl, and a pistol.

Federal prosecutors charged Odom with one count of possession with intent to distribute a controlled substance, one count of being a felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. Odom pleaded guilty to these charges without reaching a plea agreement.

Probation Services prepared a Presentence Investigation Report for sentencing that calculated Odom's Sentencing Guidelines range at 262 to 327 months. This was higher than it might otherwise be because Odom qualified as a career offender based on his three prior drug-trafficking convictions. Both Odom and the government agreed that this was an accurate calculation of Odom's Guidelines range. Despite agreeing with the calculation, Odom argued to the district court, both in his sentencing memorandum and during sentencing, that the Guidelines range should be given "little (if any) weight because it is extremely and overly harsh" given the applicable career-offender Guideline. R. 45, Sentencing Memorandum, PageID 118. Odom requested a significant downward variance to a sentence of 100 months because of the harsh nature of the career-offender Guideline, as well as his age and personal circumstances. The government agreed that a downward variance was appropriate for Odom and requested a sentence of 240 months.

Before determining the appropriate sentence, the district court first considered the 28 U.S.C. § 3553(a) factors, including Odom's personal history and characteristics, particularly Odom's seven prior drug convictions since the age of 20. It then considered Odom's objections to the use of the career-offender Guideline and his request that it be given little to no weight. The district court noted that "the Sentencing Commission is taking a hard look at career offender," and that it made sense for the Commission to do so. R. 59, Sentencing Tr., PageID 273. To determine whether Odom was correct that the career-offender Guideline led to an excessive punishment, the

2

district court compared Odom to other similarly situated career offenders using circuit-wide sentencing data. The district court then declined to impose the substantial variance requested by Odom because it would "result in a 40-month sentence for both a gun charge and a drug charge," given that Count III carried a mandatory consecutive term of 60 months. *Id.* at 272–73. The district court found this 40-month sentence to be unjustified because it was too far below the average sentence for career offenders.

Despite this finding, and after weighing Odom's objections and the appropriate factors, the district court agreed to vary downward. It sentenced Odom to 192 months' imprisonment, finding that 100 months, as requested by Odom, was insufficient given his prior crimes, the nature and circumstances of his offense, his status as a parolee, and the need to protect the public and promote respect for the law. The district court also found that the government's request of 240 months would lead to sentencing disparities with other similarly situated defendants.

The district court concluded by asking if either side had any objections to the sentence. Odom objected that the sentence was substantively unreasonable but made no other objections.

Odom now brings this appeal arguing that his sentence is both procedurally and substantively unreasonable.

## II.

We turn first to procedural reasonableness. Because Odom failed to make a procedural reasonableness objection at sentencing, we review for plain error. *See United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022). Odom argues that the district court made two plain procedural mistakes: (1) it did not adequately address his argument that the career-offender Guideline should be rejected in his case, and (2) it relied on overinclusive sentencing data when considering potential

sentencing disparities. We need not delve too deep into the plain-error analysis because neither of these claimed errors amounts to a procedural error at all.

**A.**

The district court correctly calculated the Guidelines range for Odom at 262 to 327 months. Odom did not object to this calculation, but argued that the Guideline range that includes the career-offender Guideline "is extremely and overly harsh" such that it "produces an excessive sentence." R. 45, Odom Sentencing Memorandum, PageID 118. To support this argument, Odom noted that the U.S. Sentencing Commission has expressed its concern about sentencing disparities arising from the career-offender Guideline. But Odom ultimately agreed that the career-offender Guideline applied to him and asked for a downward variance based on a within-Guidelines sentence being excessive.

Odom now contends that his argument to the district court was to reject the career-offender Guideline altogether and that the district court plainly erred by not responding to this argument. But that is not what Odom requested. He asked only that the district court give his career-offender status "little (if any) weight . . . ." R. 45, Odom Sentencing Memorandum, PageID 118. Odom did not present his policy arguments relating to the career-offender Guideline as primary arguments, but as supporting arguments for his claim that the sentence was excessive and would create disparities with other defendants who committed similar crimes.

Legal arguments, like all arguments, are typically organized by making a main argument and then sub-arguments that support the main argument. Odom's sentencing memorandum followed this formula. He argued as his main point that the career-offender Guideline produces an excessive sentence. To support this argument, he made three sub-arguments: (1) he pointed to the Sentencing Commission's attempts to reform the career-offender Guideline to avoid these

4

excessive sentences; (2) he said that many courts were varying below the Guidelines range when a career-offender enhancement applied; and (3) he argued that the facts of his prior convictions show that his career-offender status is based on low-level drug crimes. None of these sub-arguments showed an intent to challenge the calculation of the Guidelines range or to argue that the career-offender Guideline should not apply at all. They each were meant to support a downward variance from the correctly calculated Guidelines range. *See id.* at 120–21 ("Mr. Odom submits that the range produced by [the career-offender Guideline] is not entitled to much weight and that [the district court] should vary below it to the requested sentence.").

This lines up with how the district court understood Odom's arguments. At sentencing, it summarized Odom's position as requesting a variance because the career-offender designation "can result in a [G]uideline range that perhaps is disproportionately high." R. 59, Sentencing Tr., PageID 271. Odom never objected to this characterization or clarified that he wanted the district court to not apply the career-offender Guideline at all. The district court considered Odom's argument that the career-offender Guideline results in an excessive sentence, accepted it, and varied downward from the Guideline range.

The district court did not plainly err by failing to address an argument that Odom did not plainly make. *See United States v. Embry*, 728 F. App'x 544, 548 (6th Cir. 2018) (finding no abuse of discretion for failing to consider arguments the defendant did not make).

**B.**

The district court also did not plainly err by considering circuit-wide sentencing data relating to career offenders. To keep this brief, Odom does not point to a single case showing that a district court plainly errs by relying on disaggregated sentencing data to determine whether a sentence is out-of-line with other similarly situated defendants. Nor does he cite any case

5

explaining that violent career offenders are not similarly situated to drug-trafficking-only career offenders. Because Odom offers no binding case law showing that the district court erred, we cannot find plain error. *See United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) ("A lack of binding case law that answers the question presented will also preclude our finding of plain error.").

**III.**

We next turn to the substantive reasonableness of Odom's sentence. Odom makes two arguments on this point as well. He first contends that his below-Guidelines sentence was substantively unreasonable because the district court should not have given any weight to his Guidelines range that included his status as a career offender. He next claims that the district court gave too little weight to his age because men of his age are less likely to commit crimes. We reject both arguments.

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir. 2018) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). For challenges to the substantive reasonableness of a sentence, we review for an abuse of discretion. *United States v. Solano-Rosales*, 781 F.3d 345, 355–56 (6th Cir. 2015). "A defendant challenging a below-guidelines sentence as substantively unreasonable bears an even more demanding burden than does a defendant challenging a within-guidelines sentence." *United States v. Wells*, 55 F.4th 1086, 1093–94 (6th Cir. 2022) (cleaned up).

This demanding burden is not met here. Take Odom's first argument. We have no trouble concluding that a district court does not abuse its discretion when it gives weight to a defendant's correctly calculated Guidelines range. Enough said.

His second argument fares no better. The district court considered Odom's history and characteristics, noting that Odom has had "seven drug convictions since the age of 20." R. 59, Sentencing Tr., PageID 272. A study showing that people generally commit fewer crimes as they age cannot show that a district court abused its discretion as it relates to an individual defendant. Deciding otherwise would "elevate . . . statistical data over the text of the Guidelines themselves." *United States v. Hymes*, 19 F.4th 928, 936 (6th Cir. 2021). The Guidelines charge the district court with weighing several factors and reaching an appropriate sentence. Odom's suggestion that his age should have played an almost dispositive role creates a problem where none existed, because relying so heavily on his age that it could cut his sentence almost in half would place an unreasonable amount of weight on this single factor. *See Sexton*, 894 F.3d at 797. Odom has not shown that the district court's weighing of these factors was unreasonable. *See United States v. Haile*, 157 F.4th 820, 832 (6th Cir. 2025). Because he cannot show that the sentence was unreasonable, the district court did not abuse its discretion by failing to weigh Odom's age so heavily that it would result in a greater downward variance than what he already received.

## IV.

For all these reasons, we **AFFIRM** the decision of the district court.